STEVEN M. GARBER (SBN 156153)
TOD ANTHONY DITOMMASO (SBN 130564)
STEVEN M. GARBER & ASSOCIATES
A PROFESSIONAL CORPORATION
1901 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067
Phone: (323) 777-8000
Fax: (323) 777-3000

Attorneys for Plaintiff,
SHOES WEST, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOES WEST, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BRIGHTON COLLECTIBLES, INC., a Delaware Corporation, <br><br> Defendant. | Case No.: CV 07-3313-GPS(JCx) <br><br> **STIPULATED PROTECTIVE ORDER [NOTE BOLDED CHANGES MADE BY COURT]** <br><br> TRIAL DATE:   May 13, 2008 |

Subject to the approval of this Court, the Parties hereby stipulate to the following protective order:

1. **In discovery proceedings conducted in this matter**, the parties may designate any document, thing, testimony or other information derived therefrom, including any discovery previously conducted in this matter, as "CONFIDENTIAL" under the terms of this Stipulated Protective Order ("ORDER"). The party making that designation is certifying to the Court that there is a good faith basis, both in law and in fact, for such designation within the meaning of *Federal Rule of Civil Procedure* §26(g).

1

2. CONFIDENTIAL information is information, which has not been made public, and which concerns the parties' trade secrets, and their confidential, proprietary, financial or other business information.

3. CONFIDENTIAL documents shall be designated by stamping the document "CONFIDENTIAL." Stamping the cover of any multi-page document shall designate all pages as confidential, unless otherwise indicated.

4. Testimony taken at a deposition **[DELETION]** may be designated as CONFIDENTIAL by either making a statement to that effect on the record of the proceeding, or within 20 days after receiving the transcript of the deposition by sending a letter to all counsel of record identifying by reference to the applicable pages and lines, the portion of the deposition transcript to be designated as CONFIDENTIAL. The party making this designation has the responsibility to make arrangements with the court reporter to separately bind such portions of the transcript containing information designated as CONFIDENTIAL, and to label such portions appropriately.

5. **Subject to the provisions of Local Rule 79-5[1] and absent further Court order,** CONFIDENTIAL material may be disclosed only to the Court, to counsel for a party (including counsel's staff), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party;

(b) experts or consultants (together with their clerical staff);

(c) court reporter(s) and other court personnel;

(d) a witness at any deposition or other proceeding; and

(e) any other person as to whom the parties agree in writing.

---

[1] See **Kamakana v. City and County of Honolulu**, 447 F.3d 1172, 1178-80 (9th Cir. 2006); **Foltz v. State Farm Mutual Automobile Insurance Company**, 331 F.3d 1122 (9th Cir. 2002).

|   |   |   |
|---|---|---|
| 1 |   | Prior to receiving any CONFIDENTIAL material, each "qualified person" shall be provided with a copy of this ORDER and shall **not be provided with the CONFIDENTIAL material unless he/she** executes a non-disclosure agreement in the form of Attachment A. |
| 5 | 6. | All CONFIDENTIAL information shall be used solely for the purpose of conducting this litigation.  CONFIDENTIAL material used in this action shall not lose its confidential and/or restricted status. |
| 8 | 7. | **Absent further order of the Court,** the terms of this ORDER do not preclude, limit, restrict or otherwise apply to the use of documents at **non-discovery proceedings.** |
| 11 | 8. | Acceptance of the terms of this ORDER and disclosure of any information under its terms shall not be deemed an admission or waiver of any applicable privilege or attorney work-product protection, nor shall such disclosure alter its confidentiality or nonconfidentiality.  No party is prevented from seeking relief for inadvertent disclosure of any such material. |
| 16 | 9. | This ORDER shall survive the final termination of this action to the extent that the information contained in CONFIDENTIAL material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. |

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

10. Upon termination of this case, counsel for the parties shall return to each other all documents, material and deposition transcripts designated as CONFIDENTIAL and all copies of same, or shall certify the destruction of such material.

SO STIPULATED:

DATED: January 10, 2008              STEVEN M. GARBER & ASSOCIATES
                                     A PROFESSIONAL CORPORATION


                                     By:          /s/
                                     TOD ANTHONY DITOMMASO,
                                     Attorneys for Shoes West, Inc.

DATED: January 10, 2008              LAW OFFICES OF GARY FREEDMAN and
                                     SUSSMAN SHANK LLP



                                     By:          /s/
                                     JOHN A. SCHWIMMER,
                                     Attorneys for Brighton Collectibles, Inc.

APPROVED AND SO ORDERED:

DATED: January 23, 2008



                                              /s/
                                     HONORABLE JACQUELINE CHOOLJIAN
                                     United States Magistrate Judge

4

**STIPULATED PROTECTIVE ORDER**

**Attachment "A"**

**NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Shoes West, Inc. v. Brighton Collectibles, Inc.*, United States District Court, Central District of California, Case No.: CV 07-3313-GPS(JCx), and hereby agree to comply with and be bound by its terms, unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of this Court for purposes of enforcing this Order.

Dated:_____, 2008        _____